UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**UNITED STATES OF AMERICA**,

   Plaintiff,

v.                                                                   No. 4:25-cr-00027-P

**MARION WHITE, III,**

   Defendant.

## OPINION & ORDER

Before the Court is Defendant Marion White, III's Motion to Dismiss the Indictment. ECF No. 28. Having considered the Motion, relevant docket filings, and applicable law, the Court will **DENY** the Motion.

## BACKGROUND

On July 12, 2024, a grand jury found that White violated the possession prong of 18 U.S.C. § 922(g)(1) and § 924(a)(8). Section 922(g)(1) provides, in pertinent part:

> (g) It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

On April 17, 2025, White filed a Motion to Dismiss the Indictment arguing that: (1) Section 922(g)(1) exceeds Congress's power under the Commerce Clause; and (2) Section 922(g)(1) is unconstitutional under the Second Amendment.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) allows a defendant to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CR. P. 12(b)(1). In deciding the motion, the Court should "take the allegations of the indictment as true." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (quoting *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)).

## ANALYSIS

In support of his Motion, White asserts that 18 U.S.C. § 922(g)(1) is unconstitutional under Congress's commerce power and the Second Amendment. The Court will address both arguments.

### A. Congress's Commerce Power and § 922(g)(1)

White first argues that 18 U.S.C. § 922(g)(1), which prohibits the possession of firearms by convicted felons, exceeds the scope of Congress's power to regulate interstate commerce.

The Fifth Circuit and other circuit courts have consistently upheld § 922(g)(1)'s constitutionality as a proper exercise of Congress's commerce power. *See, e.g., United States v. Curry*, 125 F.4th 733, 736 (5th Cir. 2025) (rejecting Commerce-Clause challenge as foreclosed by *United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013)); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001) (collecting cases holding that § 922(g)(1) is a valid exercise of the commerce power); *United States v. Gateward*, 84 F.3d 670, 672 (3d Cir. 1996) ("We therefore join eight courts of appeal upholding the constitutionality of § 922(g)(1) as a valid exercise of the commerce power.").

White cites no authority that holds to the contrary. He even concedes that Fifth Circuit precedent squarely opposes his assertion. Thus, White's argument that § 922(g)(1) exceeds the scope of Congress's commerce power fails.

### B. The Second Amendment and § 922(g)(1)

White next contends that § 922(g)(1) is facially unconstitutional under the Second Amendment.

White's facial challenge argues that § 922(g)(1) violates the Second Amendment in light of the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). *Bruen*, holding that a restriction on firearm possession must square with "this Nation's historical tradition of firearm regulation," reformulated the applicable legal test courts must use in determining whether restrictions on a law-abiding citizen's possession of a firearm are constitutional. *Bruen*, 597 U.S. at 17. White argues there is a lack of historical evidence that the United States has a tradition of prohibiting or regulating the possession of firearms by convicted felons. ECF No. 28. The Court disagrees.[1]

In any event, this Court need not conduct an exhaustive evaluation of White's facial challenge because the Fifth Circuit recently foreclosed such a challenge. *See United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024); *see also United States v. Contreras*, 125 F.4th 725, 729 (5th Cir. 2025) ("As the Diaz panel found at least one constitutional

---

[1]The Second Amendment was widely understood to codify a pre-existing right, not grant a new one. *District of Columbia v. Heller*, 554 U.S. 570, 603 (2008). But that right has never been unlimited. *Id.* at 626. Indeed, the United States has a long history of categorically restricting the possession or ownership of firearms, spanning from its colonial era through present day. *See* Robert J. Spitzer, *Gun Law History in the United States and Second Amendment Rights,* 80 Law & Contemp. Probs. 55 (2017) (examining the history and development of U.S. gun laws and regulations by category). Some estimates indicate that there were no fewer than eleven laws among the colonies—predating the ratification of the Constitution—regulating or prohibiting the possession of firearms by convicted felons, other "criminals," or non-citizens. *Id.* at 60. This history of allowing only those citizens who are "law-abiding" to own or possess firearms is what the Court in *Heller* and *Bruen* left undisturbed. *See Heller*, 554 U.S. at 626 ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."); *Bruen*, 597 U.S. at 72 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm . . . [n]or have we disturbed anything that we said in *Heller* . . . about restrictions that may be imposed on the possession or carrying of guns.").

application of 922(g)(1), *see Diaz*, 116 F.4th at 471, [Defendant's] facial challenge is foreclosed.").

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** White's Motion to Dismiss the Indictment. ECF No. 28.

**SO ORDERED** on this **23rd day of April 2025.**

_____
**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE